UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTY L. HAYWORTH,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No.  2:22-cv-2109-JDP (SS)

ORDER

Plaintiff's counsel seeks an award of attorney fees under 42 U.S.C. § 406(b).[1]  ECF No. 22.  Counsel requests fees in the net amount of $20,429.50 pursuant to 42 U.S.C. § 406(b)(1).[2]  Plaintiff entered into a contingent fee agreement providing that he would pay counsel up to twenty-five percent of any award of past-due benefits.  ECF No. 22-1.  After this court remanded for further proceedings, plaintiff was found disabled and awarded $118,887.00 in past-due benefits.  ECF No. 22-2 at 3.  Plaintiff's counsel requests $20,429.50 in attorney fees, which is

---

[1] Although the motion for fees was filed under plaintiff's name, plaintiff's counsel is the party seeking to collect fees.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

[2] Plaintiff's counsel's motion seeks $20,429.50 in attorney's fees.  However, counsel has been previously awarded $10,379.33 in fees under the EAJA, 28 U.S.C. § 2412.  Instead of returning that amount to plaintiff, counsel seeks to retain the EAJA fee award as partial satisfaction of the section 406(b) award.

less than the statutory maximum, and which equates to an effective hourly rate of $455.00.  ECF No. 22 at 4.

An attorney is entitled to reasonable fees for successfully representing social security claimants in district court.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).  Rather than being paid by the government, fees under section 406(b) are paid by the claimant from the awarded past-due benefits.  *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 802).  The twenty-five percent statutory maximum fee is not an automatic entitlement; the court must ensure that the requested fee is reasonable.  *Gisbrecht*, 535 U.S. at 808-09 ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  In assessing whether a fee is reasonable, the court should consider "the character of the representation and the results the representative achieved." *Id.* at 808.  A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

The court finds that the requested fees are reasonable.  Counsel's billing records reflect a total of 44.9 hours of attorney time on this case.  ECF No. 22-3 at 1.  Counsel's request for $20,429.50, which is less than the statutory maximum, would constitute an hourly rate of approximately $455.00 for attorney services.  Counsel did not engage in dilatory conduct or perform in a substandard manner.  Indeed, counsel's representation resulted in this matter being remanded for further proceedings, which resulted in a favorable decision and an award of benefits.  *See* ECF No. 18; ECF No. 22-2.  Given counsel's experience, the result obtained in this case, and the risk of loss in representing plaintiff, the court finds the hourly rate reasonable.  *See De Vivo v. Berryhill*, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018) (awarding fees at an effective hourly rate of $1,116.26); *White v. Berryhill*, No. cv 04-00331-AS, 2017 WL 11634804, at *3

2

(C.D. Cal. July 7, 2017) (awarding fees at an effective hourly rate of $1,612); *Monica H. v. Comm'r, Soc. Sec. Admin.*, No. 3:16-cv-2111-JR (D. Or. Jan. 25, 2021) (awarding fees at an effective hourly rate of $2,000); *Kelly Kay M. v. O'Malley*, No. 22-cv-1969-DDL, 2024 WL 4536462, at *3 (S.D. Cal. Oct. 21, 2024) (awarding fees at an effective hourly rate of $1,923.07).

The award of section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. In this instance, counsel has previously been awarded $10,379.33 in EAJA fees and the award of fees under section 406(b) must be offset in that amount.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's motion for a net award of attorney fees pursuant to section 406(b) in the amount of $20,429.50, ECF No. 22, is GRANTED. Counsel may retain the $10,379.33 in fees previously awarded under the EAJA, 28 U.S.C. § 2412, in partial satisfaction of the section 406(b) award.

2. Pursuant to counsel's request, $10,050.17 is to be paid directly to Jacqueline A. Forslund. The Commissioner shall remit to plaintiff the remainder of the withheld benefits.

IT IS SO ORDERED.

Dated:    March 18, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE